No. 355

STODDARD v. LONG

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 622. Decided Nov. 25, 1924.

367. DEEDS—Restrictions in deed as to building house in restricted section, not enforced where there has .been general acquiesence in violation thereof.

BY THE COURT.

This action was brought in the Court of Appeals by Eleanor Stoddard· against Anna Long, to enjoin her from completing or constructing a building on her lot which adjoined the lot of Stoddard. It was claimed by Stoddard that the attempted construction of a bungalow by Long, was in violation of restrictions in the original deeds executed by the J. A. Winters Co., who originally subdivided and laid out the land in the district. It was claimed by Stoddard that even though Long did not know of the restrictions, she was presumed to have had knowledge due to the fact that they were in the original deed and were on record. The restriction in question provided that no single house less than two stories shall be built, nor costing less than $25,000. When Long commenced building a bungalow, Stoddard obtained temporary relief pending this action for permanent injunction.

Long contended that a number of ·other houses had been built in said district in violation of the restrictions, and without objections from any property owners. The Court of Appeals held:

1. The record shows that 59 houses in this territory have been built in violation of restrictions. It would be unjust and unequitable to enforce the restrictions in this case against Long.

2. While restrictions in deeds especially in

(Continued on Pags 239)

# STATE SUPREME COURT

## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of
## NEW CASES DOCKETED

### INDEX OF CASES DOCKETED

Decker v. State ......................19056
Industrial Com. v. Phillips ............19058
Kornhauser v. Ohio Exp.-Trad. Co......19057
Otis Elevator Co. v. Washer...........19060
State ex. v. Donahey, Gov.............19059

### April 1, 1925

19056—Carl Decker v State; motion to Preble Appeals to certify. Harry L. Risinger, Hugh R. Gilmore, Eaton, for pltf; Ralph G. Sever and V. V. Brumbaugh, Eaton, for deft.

19057—S. J. Kornhauser, Recvr. Ohio Export & Trad. Co. v. National Surety Co.; motion to Cuyahoga Appeals to certify. Doerfler & Kornhauser, Cleveland, for pltf.; Tolles, Hogsett, Ginn & Morley, Cleveland, for deft.

### April 6, 1925

19058—Industrial Commission v. Joe Phillips; motion to Cuyahoga Appeals to certify. Edw. C. Stanton, G. R. Wheeler, Cleveland, for pltf.; M. C. Harrison, M. S. Cerezin, Cleveland, for deft.

19059—State ex Andrews Asphalt Paving Co. v. A. V. Donahey, as Governor, and Wilbur E. Baker, as Director Finance of Ohio; action in mandamus. Joseph McGhee, A. L. Rowe, Columbus, for pltf.; C. C. Crabbe, attorney general, Columbus, for deft.

19060—Otis Elevator Co. v. H. S. Washer; motion to Cuyahoga Appeals to certify. John R. Kistner, Cleveland, for pltf.; Jas. E. Mathews, Cleveland, for deft.

## PROCEEDINGS OF
## SUPREME COURT

### WEEKLY REPORT OF

#### CASES DECIDED

#### TUESDAY, APRIL 7, 1925.

#### MOTION DOCKET

For index of these cases, see last page of cover

18920—Alexander Sales v. John LaFountaine; motion to certify, to Tuscarawas Appeals. Overruled. Dock. 1-19-25, 3 Abs. 50.

18948—Sumner McClain, Mayor, v. John Sharits; motion to certify to Miami Appeals. Overruled. Dock. 2-10-25, 3 Abs. 98.

18960—New York Cent. R. Co. v. Frank Kish, Jr., etc; motion to certify to Jefferson Appeals. Overruled. Docketed 2-14-25, 3 Abs. 114.

18961—Connecticut Fire Insurance Co. v. George Eisenzimmer; motion to certify to Summit Appeals. Overruled. Dock. 3-15-25, 3 Abs. 114.

18965—Louis Simonyi v. George E. Olenbery; motion to certify to Cuyahoga Appeals. Overruled. Dock. 2-18-25, 3 Abs. 146.

18970—Abraham Strasburger et al. v. Irwin Strasburger et al.; motion to certify to Wood Appeals. Overruled. Dock. 2-20-25, 3 Abs. 130; OS. Pend., 3 Abs. 216.

18972—Abe Levin v. Samuel Frisch; motion to certify to Hamilton Appeals. Overruled. Dock. 2-23-25, 3 Abs. 146; OS. Pend., 3 Abs. 188.

18974—Imperial Pipe Line Co. v. George E. Grant; motion to certify to Wood Appeals. Overruled. Dock. 2-24-25, 3 Abs. 146.

18975—Buckeye Churn Co. v. Roy E. Abbott; motion to certify to Shelby Appeals. Overruled. Dock. 2-24-25, 3 Abs. 146.

18993—Charles B. Moore v. State; motion to certify to Lucas Appeals. Overruled. Dock. 3-2-25, 3 Abs. 146; OA. 3 Abs. 167.

18996—Joseph Prymas v. State; motion to file pet. err. to Cuyahoga Appeals. Overruled. Dock. 3-5-25, 3 Abs. 162.

19002—Samuel E. Tomlinson v. State; motion to file pet. err. to Stark Appeals. Overruled. Dock. 3-7-25, 3 Abs. 162; OS. Pend., 3 Abs. 216.

19006—Pennsylvania Railroad Co. v. H. N. Oberlander; motion to certify to Crawford Appeals. Allowed. Dock. 3-7-25, 3 Abs. 162; OS. Pend., 3 Abs. 218.

## Weekly Abstract of
## PENDING CASES

### No. 356

LEONARD et v. ELGIN J. & E. RY. CO.

No. 18968—Supreme Court

Motion to direct Hamilton Court Appeals to certify. Dock. Feb. 20, 1925, 3 Abs. 130.

317. COUNTERCLAIM—Is a defendant denied the right to set up in his cross-petition a counter-claim against plaintiff, where plaintiff was bringing an action for freight charges?

The firm of Leonard, Crosset, & Riley shipped a car of water melons, which were to be delivered to Joliet, Ill. The Elgin, Joliet and Eastern Railway Co. was the delivering carrier. The car arrived at Joliet Aug. 2, 1922 and soon after was refused by the consignee to whom the car had been sold $170 f. o. b. shipping point. Leonard claimed that the car was allowed to stand at the destination for eight or nine days before notifying him of its refusal, within which time the car became practically worthless. Leonard presented his claim to the initial carrier, but since there was no liability on that end he made his claim to the E. J. & E. Ry. Co. Then the Railway Co. brought suit in the Municipal Court at Cincinnati claiming freight charges against Leonard in the amount of $138, including demurrage charges.

Leonard answered, denying liability for the freight charges and set up a cross-petition claiming the $170. Leonard had never been

## OHIO SUPREME COURT—Continued

advised of the amount for which the car load of melons had been sold after refusal by consignee. The Company raised the question of Leonard's right to file a counter-claim, in its argument to the court. The Municipal Court entered judgment for the Railway Co., said judgment being affirmed in the Hamilton Common Pleas and the Court of Appeals.

Leonard, in taking the case to the Supreme Court, contends that the lower courts erred in holding that he could not enter a counter-claim. He claims that the Railway Co. waived its right of objecting to such a counter-claim by filing its reply, and signing and consenting to filing of a stipulation and proceeding to trial. Fitzgerald v. Cross. 30 OS 444. He also declares that he has been denied rights in violation of the Constitutions of the United States and of Ohio, referring to the item in Constitution of U. S., Art. 14, Sec. 1, and Ohio, Art. 1, Sec. 16, which reads that "a person shall not be deprived of life, liberty or property without due process of law, nor deny to anyone within its jurisdiction, the equal protection of laws."

Attorneys—Hightower & O'Brien and C. A. Schneiders for Leonard et; Maxwell & Ramsey for Ry. Co.; all of Cincinnati.

---

### No. 357

### JENSEN et v. CLEVELAND RY. CO.

#### No. 18963—Supreme Court

Motion to direct Cuyahoga Appeals to certify. Dock. Feb. 15, 1925, 3 Abs. 114.

**829. NEGLIGENCE—Does driver of truck exercise ordinary prudence when he ascertains that car is not within range of vision? What does range of vision constitute?**

This cause was originally brought in the Cuyahoga Common Pleas by Alfred Jensen and The Royal Insurance Co., Ltd., against the Cleveland Ry. Co. for injuries sustained by Jensen, by a rapid transit car of the Railway Co It seems that Jensen was driving a milk truck and in nearing an intersection where the rails and the highway crossed, he looked to see whether a car was coming. This was done 300 feet from the intersection and again 150 feet therefrom. Jensen claimed that he first noticed the car when it was 200 feet up the tracks. He averred he was then 10 feet from the track and the car was travelling at a rate of 50 to 60 miles per hour and did not slacken. The court rendered judgment in favor of Jensen, but on a new trial, judgment was directed in favor of the Railway Co., said judgment being affirmed by the Court of Appeals.

Jensen contends in bringing the case to the Supreme Court that the evidence in the case warranted it being submitted to a jury. That he acted as any reasonably prudent man would under the circumstances. Until the car was within his range of vision he could not be expected to notice its approach; and the range of his vision included all of the track which reasonableness would require him to see.

Attorneys—Duffey & Duffey and Day & Day, for Jensen; Squire, Sanders & Dempsey, for Railway Co.; all of Cleveland.

---

### No. 358

### POTTER et v. WOOD CO. COM'RS.

#### No. 19054—Supreme Court

Motion to direct Wood Appeals to certify. Dock. March 30, 1925, 3 Abs. 214.

**323. COUNTY COMMISSIONERS—When and how shall they proceed, when improvement is undertaken on their own motion?**

Dudley Potter brought this action in the Wood Common Pleas for himself and for other taxpayers and owners of real property lying within one mile of either side of a road improvement designated and known as the W. H. Hannah road. Potter brought this action because of the fact that the board of County Commissioners of Wood County did not take the steps required before they were authorized to pass the two resolutions called for by 6910 and 6911 GC., and that failure of Commissioners to adopt the resolution called for by 6917 GC. by their unanimous vote; two commissioners voting yes, and one voting no. Potter contended that the proceedings of the commissioners in undertaking the improvement mentioned above, under the circumstances, were void.

Sections 6910 and 6911 GC. provide for procedure by commissioners when a petition not containing signatures of 51% of the taxpayers is submitted. When this occurs, the commissioners, if they think the improvement necessary, may go out to the premises in question, and look over the land. This Potter claimed, was not done. The Common Pleas dissolved the temporary injunction and dismissed the petition of Potter. This judgment was affirmed when taken up on appeal.

In bringing the case to the Supreme Court, Potter Claims that a resolution to be passed under 6917 GC. must be unanimous. It was not unanimous he declares for 2 voted yes and one no. It is also contended that 6977 GC. which provides for passing of a resolution if commissioners act without a petition, was not followed.

Attorneys—N. R. Harrington, for Potter; Ray D. Avery, Pros. Atty., for Commissioners; both of Bowling Green.

---

### No. 359

### TEUFEL et v. STEIGLEDER

#### No. 18930—Supreme Court

Motion to direct Hamilton Appeals to certify. Dock. Jan. 31, 1925, 3 Abs. 82.

**770. MISCONDUCT—Does entering trial judge's chamber, and carrying on conversation with him in open court constitute?—If so, is this ground for a new trial?**

**2. Over-limiting attorneys time to argue case to jury.**

This original action was instituted in the Hamilton Common Pleas wherein Anna Teufel et al. endeavored to set aside a will alleged to have been executed by Katherine Reisser, which was made in favor of Elizabeth Steigleder et al. The trial court rendered judgment on a verdict returned by a jury in favor of the will.

Teufel prosecuted error to the Court of Appeals and contended that she was not given a fair and impartial trial, pointing out that one, Williams, a juror, went into the judge's chamber with him to converse, and said Williams did converse with the trial judge in open

court, in full view of the balance of the jurors. She claims that, due to the fact that Williams was an officer of a bank, the jurors were influenced with the easy familiarity that obtained between the judge and him, so that they voted in sustaining the will.

Teufel further avers that it took 10 days to present the entire case to the jury and alleges that her counsel was allowed but fifteen minutes to argue said case; such order being a gross abuse of discretion on part of the trial judge, and is contrary to Art. 1, Sec. 16, Bill of Rights of Ohio Constitution, as it prevented his having a remedy by due course of law, and right and justice being administered.

The Court of Appeals affirmed the decision of the lower court in sustaining the will.

Attorneys—Henry Baer, Michael C. Lacinak for Teufel; Frank H. Kunkel for Steigleder; all of Cincinnati.

---

## No. 360
## MOSER v. SIMMONS

No. 18905—Supreme Court
On motion to direct Knox Appeals to certify the record. Dock. Jan. 14, 1925, 3 Abs. 34.

257. COMMISSIONS—Must entire first payment of purchase price be first paid in, to make them accrue?

In the Knox Common Pleas, Moser sought to recover as part of damages for a breach of contract, $300, held by C. E. Simmons as a part of the down payment on the purchase price of a farm. It seems that C. H. Schindler was the proposed purchaser of the farm and under the terms of the contract, the $300 was to be applied as damages in case the contract was not fulfilled. Simmons was alleged to have this sum, by consent of the parties, in accordance with the agreement.

Simmons claimed he acted as agent in this transaction for one Masters, that said agency was known to Moser, and that the $300 was paid to him as such agent. He also claimed that Moser and Masters entered into a contract of employment wherein Masters was to procure a purchaser for the farm; Moser agreed to pay 5% of the purchase price of said farm to Masters as commission; that the $300 was paid to him as agent for Masters, to be applied to the payment of the commission. Simmon declared that he requested Moser to bring an action in specific performance against Schindler, but this Moser refused to do.

Moser claimed that under the contract the commissions were to be paid out of the first cash payment, at the sale and not the contract of sale. The cash payment was intended by the parties as being $3000 as expressed in the contract; and since it was never paid the commission was not due Masters. The Common Pleas rendered judgment in favor of Simmons; and the judgment was affirmed by the Court of Appeals.

The question before the Supreme Court is: Did the lower courts construe the contracts contrary to the intention of the parties?

Attorneys—Burch B. Ferenbaugh, Buckeye City, for Moser; Columbus Ewalt and Barton W. Blair, Mt. Vernon, for Simmons.

---

## No. 361
## ROLF, Admr. v. HEIL

No. 18841—Supreme Court
On motion to direct Cuyahoga Appeals to certify record. Dock. Nov. 29, 1924, 3 Abs. 754. OA. 2 Abs. 759.

599. NEW TRIALS—Is Sec. 11577 GC., providing in part that, "the same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case," constitutional?

Andrew Heil recovered $12,000 in the Cuyahoga Common Pleas as damages for injuries alleged to have been sustained by him in a collision with a truck driven by William Roth, owned by Hazel Roth, administratrix, of the estate of Wm. Rolf, deceased. Rolf was granted a motion for a new trial and the jury returned a verdict in favor of Heil for $16,250. A judgment was rendered on such verdict. Error was prosecuted and the Court of Appeals affirmed the judgment of the Common Pleas, Heil agreeing to a remitittur of $6,250, it being considered that a second new trial was barred. One member of the Court of Appeals dissented, however.

In bringing this case before the Supreme Court Rolf asks the Court to overrule the decision in Cleveland Railway Co. v. Trendel, 101 OS 316, which interprets 11577 GC to mean that the Court of Appeals shall not have Appellate jurisdiction to review or reverse where that court has once granted a new trial upon the same ground. Rolf contends that the interpretation given 11577 GC is in direct conflict with the jurisdiction conferred upon the Court of Appeals by the State Constitution.

In the lower court Rolf had introduced evidence tending to prove contributory negligence on the part of Heil. The dissenting judge in the Court of Appeals, in his opinion, said that all this showed passion and prejudice on the part of the jury and the return of damages for the injuries sustained did likewise.

Rolf alleges that the trial judge though disapproving the verdict of the jury in the second trial, was powerless to act because of 11577 GC.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart, C. Horn for Rolf; Payer, Winch, Minshall and Karch for Heil; all of Cleveland.

---

## PARAGRAPH INDEX

To points presented in additional cases Pending in Supreme Court.

798...MUNICIPAL COURTS. .. .. ........

Creation of by legislative action questioned —amendment of charter as to naming Judge by City Commission. State ex v. Hutsinpiller, In Quo. warranto. Dock., 19039, 3-25-25, 3 Abs. 214.

480. EVIDENCE.

Use of inviting photographs of prosecutrix, in prosecution for assault with intention to commit rape, to show consent or invitation, or for impeachment. Grossweiler v. State—Motion to file pet. err. to Stark Appeals, No. 18956, Dock. 2-10-25, 3 Abs. 98.

147. BILLS AND NOTES.—887. PARTIES.

Making regular collection of interest on a mortgage note not an inference of authority to collect principal.

Dismissal of those defendants against whom no affirmative relief is asked, not prejudicial error.

Wiley v. Holsapple—motion to certify to Darke Appeals, No. 19029, Dock. 3-19-25, 3 Abs. 198.

710. LIENS.

Can judgment for alimony be made lien on lands in another county. Klotz v. Klotz—motion to certify to Ottawa Appeals, No. 19031, Dock. 3-19-25, 3 Abs. 198.

## COMMON PLEAS COURTS

No. 362
### CASSIDY v. STATE
Hamilton Common Pleas Court

480.  EVIDENCE—The term "home brew" is not of such a character to require the court to take judicial notice of its meaning, and liquor designated as such must be proved to be intoxicating.

661.  INTOXICATING  LIQUORS — T h e statute 6175 GC, providing that "when a fluid is poured out when premises are searched, it will be deemed to be prima facie intoxicating liquor", was enacted under local option laws prohibiting sale of liquor, and does not apply in prosecution under 6212-15 GC, which is part of the law passed under the constitutional amendment.

DARBY, J.

Charles Cassidy was convicted in the Mayor's Court of the village of North College Hill and fined on an affidavit charging him with unlawful possession of intoxicating liquors.  Cassidy appealed the case to the Common Pleas and two questions were presented for consideration.

First:  Did the Mayor have jurisdiction to try Cassidy?

Second:  Did the evidence sustain the charge?

The Common Pleas Court held:

1.  The office of mayor is a legal office and it cannot be attacked by motions to dismiss or to quash, or by demurrer to an affidavit in a prosecution charging unlawful possession of intoxicating liquor.

2.  The evidence is, that when the officers approached the house, Cassidy broke the bottle of so-called "home brew".  The court will not take judicial notice of its meaning and evidence will be necessary to prove the "home brew" was intoxicating.

3.  Claim of the State that 6175 GC applies is not sufficient.  6175 GC was not enacted under the constitutional amendment, as was 6212-15 GC, which prohibits manufacture and sale of liquor, etc., and has no application to this case.

4.  Cassidy should not have been convicted because he broke a bottle, which gave rise to an unfavorable presumption against him. Judgment reversed and case remanded.

Attorneys—Paul V. Connolly for Cassidy; Allen C. Roudebush for State; both of Cincinnati.

---

No. 363
### MAESCHER et v. SHAMMAN
Hamilton Common Pleas Court
Nos. 19074-81-84

GARNISHMENT—1.  Interest of non-resident stock-holder of Ohio corporation may be reached by garnishment process, notwithstanding the fact that stock certificate is in possession of stock-holder.

2.  Constructive service may follow, and motion of defendant to dismiss for want of jurisdiction, is a waiver of irregularities, and entry of appearance.

BY THE COURT.

Charles Maescher and Edith Immahort, residents of Hamilton County, filed their petitions in Common Pleas to recover money from C. F. Shamman, a resident of California.  No property was levied upon or attached, but garnishee proceedings were served upon corporations in Ohio, each answering and showing that stock was owned in it by Shamman.  It seems that Shamman was the executor of the estate of Louis Maescher, deceased.  Shamman made a motion that the garnishee be discharged and the attachment issued be discharged and dissolved on the ground that the court had no jurisdiction of him.  Upon the hearing of this motion the cause was decided.

The Court of Common Pleas held:

1.  The interest of a stockholder in the property of a private corporation represented by certificate of shares registered in his name, may be reached by garnishee process served upon the corporation.  Norton v. Norton, 43 OS 509.

2.  It was undoubtedly the intention of the legislature to subject the interest of a stockholder in a corporation to the same summary processes as any other property which is incapable of actual seizure by the sheriff.  8673-14 GC.  Upon notice to the corporation, the stock is bound, under 5475, RS.; citing Cassiday v. Ellerhorst, 110 OS. 405, 413-414.

3.  The motion of Shamman to dismiss petition, to discharge garnishee, and to dissolve the attachment subjects him to the jurisdiction of the court, and by the motion he waived the irregularities in the summons and enters a general appearance, citing a recent case, Klein v. Lust, 2 Abs. 276, 110 OS. 197.  This motion will be overruled, and entry may be drawn sustaining the attachment and enjoining Shamman, the garnishee, from in any manner transferring or otherwise disposing of his interest in the respective corporations.

Attorneys—Clore, Schwab & McCaslin, and James Barrie for Maescher et; Clarence M. Smith for Shamman; all of Cincinnati.

---

No. 364
### SANZONE et v. SOUTHERN RY. CO.
Hamilton Common Pleas Court

1085.  SERVICE OF  PROCESS—1.  Foreign railroad company having no lines or trackage in Ohio, is carrying on business, so as to be served with process, when it has an office in the State for directing business of the company.

2.  A vice president of the company in charge of such offices, may be served.

RYAN, J.

The Sanzone-Palmisano Co. brought an action in the Hamilton Common Pleas to recover from the Southern Railway Co. for damages to merchandise, received from the railroad as initial carrier.  Summons was authorized to be made upon J. B. Munson, vice-president of the company, at his office in Cincinnati.  He appeared solely for the motion, moving to quash service of summons, for the reason that he was not such an agent that service of summons was authorized to be made upon him.  In support of the motion, Munson declared that no lines or tracks of the railroad were in Ohio; but an office was maintained for the purpose of giving directions for the operation of the company's business.

The Common Pleas Court held:

1.  Munson, as vice-president, could be served with summons, for 11290 GC, provides that service can be had on a managing agent

(Continued on Page 239)

FEDERAL OPINIONS
Epitomized Cases

No. 365
SILVERMAN v. UNITED STATES
U. S. Appeals, 6th Circuit
No. 4009. Decided Dec. 5, 1924.

**1004. RECEIVING STOLEN GOODS—Is upon government, to show that the accused was in full knowledge and belief that the goods were stolen—may be proven by circumstantial evidence.**

DONAHUE, J.

Louis Silverman was charged with unlawfully buying, receiving and having in his possession, certain goods and chattels stolen from an interstate shipment of freight in the course of shipment of Interstate Commerce. He was convicted in the District Courts, with knowingly receiving stolen goods. Error was prosecuted and the Circuit Court of Appeals held:

It was prejudicial error for the trial court to charge that "all the government need to prove to a reasonable certainty, is that the defendants to which ever one you find the evidence applies, had knowledge that the goods coming into his possession, were not coming in a way to make his possession rightful."

This element of the offense may be proven by evidence of facts and circumstances surrounding the transaction, from which a guilty knowledge would necessarily follow.

Judgment reversed and remanded.

Attorneys—T. R. Hamilton, Lima; Curtis T. and Ben W. Johnson, for Silverman; Geo. E. Reed, Toledo, and A. E. Bernsteen, Cleveland, for United States.

No. 366
HAWTHORNE v. FISH, TREAS.
U. S. Dist. Court, S. D. Ohio, W. D.
No. 134 in Equity. Decided Jan. 16, 1925.

**923. PLEADINGS—Allegation in bill of complaint that certain act is "unlawful and unconstitutional" is mere conclusion of law and no cause of action exists.**

HICKENLOOPER, DJ.

This case came on to be heard upon motion to dismiss the bill of complaint of Hawthorne, upon the ground that the constitutional question raised has been fully adjudicated by the U. S. and the Ohio Supreme Courts. Hawthorne alleged that he as taxpayer brought the original suit in behalf of the city of Troy.

It seems that a tax or assessment had been levied against Troy by Wm. Fish, treasurer of Miami county, which is claimed by Hawthorne to be unlawful as abridging the privileges and immunities of citizens of the United States as written in its constitution. The Court in granting Fish the motion to dismiss, held:

1. The bold statement of violation of a constitutional right, which in effect, is no more than a conclusion of law, is wholly insufficient to raise the bona fide constitutional question necessary to confer jurisdiction upon the court.

2. Numerous courts have held that the enactment has been a valid exercise of the constitutional power of the legislature. Miami County v. Dayton 92 OS. 215.

Attorneys—Alexander R. Hawthorne for Hawthorne; Kenneth Little for Fish; both of Troy.

No. 367
ALLEN v. ERIE RD. CO.
U. S. Appeals, 6th Circuit
No. 4054. Decided Dec. 2, 1924.

For full opinion, see 2 Fed. (2d) 712.

**297. CONTRACT—Between railroad and employe of manufacturer of engine appliance held to release railroad from liability for negligence.**

PER CURIAM.

Allen was killed by the explosion of the boiler of the locomotive in which he was riding. He was in the general employment of a company which manufactured an appliance which had been installed on this engine and for his employers' benefit, was inspecting, observing, and perhaps adjusting this appliance. Goldie Allen, as administratrix, brought an action in the District Court and claimed that a release executed to the Erie Railroad Co., upon whose lines he was then working, by Allen did not release the Railroad Co. from negligence; but said contract was merely an acceptance of the status of a railroad employe. The District Court rendered judgment in favor of the Railroad Co. The Circuit Court of Appeals held:

1. According to the words of the contract of release; "from any and all damage or claim resulting in connection with or arising from Allen's presence on the engine pursuant to the contract," are as broad as could be made.

2. The language of the release could not be operative unless it included negligence, and hence if for no other reason, it must be thus inclusively interpreted. Judgment affirmed.

Attorneys—Day & Day & R. H. Dawson, Cleveland, for Allen; Cook, McGowan, Foote, Bushnell & Burgess, Cleveland, for Railway Co.

# Couse's New Ohio Form Book

*By Howard A. Couse*
of the Clevevand Bar

Author of Couse's Ohio
Private Corporation

**Completely Revised
and Rewritten**

Many New Forms Added
and Old, Obsolete
Forms Omitted
and those Retained

**Revised to Date**

To Correspond to Modern
Changes in Legal
Instruments

**SPECIAL FEATURES**

New Forms for Contracts,
Modern Deed Restrictions,
Leases, Mortgages, Mechanics'
Liens, Corporation Forms, Tor-
ren's Law Forms.
Etc., Etc.

**One Large Volume
1640 Pages**

## PRICE $15.00

# The W. H. Anderson Co.

524 Main Street                    CINCINNATI, OHIO

## PUBLISHER'S COLUMN

# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879

Issued Every Wednesday   50 Weeks of the Year

SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance.......$15.00
Single Numbers ..................................   .35

When cash is mailed to us in advance
20 per cent discount
Address all communications to
THE LAW ABSTRACT COMPANY
1727 Bryn Mawr, Cleveland, O.
P. O. Box 55, East Cleveland Sta.

### STATE COURT OF APPEALS

(Continued from Page 232)

residence districts are of very great importance, and will generally be enforced so far as reasonable and just, yet, we think there has been a general acquiesence in the violation of a restriction by other builders, the parties so acquiesing in the violations are not in a position to enforce it. Temporary injunction dissolved and petition dismissed.

Attorneys—Virgil Dorfmeier for Stoddard; Egan & Delscamp for Long; all of Dayton.